RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/7/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT BRUCE #397176 | DOCKET NO. 11-CV-1541; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| SHERIFF BODIE LITTLE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's civil rights complaint filed pro se, *in forma pauperis*, and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (DOC), housed at the Allen Correctional Center in Kinder, Louisiana. Plaintiff complains that he received inadequate medical care and was denied access to the courts.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Facts Alleged*

Plaintiff alleges that on March 27, 2011, he slipped and fell in the shower at the Winn Parish Jail, causing injury to his chest, back, neck, shoulder, both knees, and left hand. He alleges that the defendants at the Winn Parish Jail would not take him to an appointment at LSU hospital. He also alleges that he was not allowed to use the law library. Plaintiff asked for injunctive relief and compensatory damages.

### *Law and Analysis*

Plaintiff complains about conditions at the Winn Parish Jail in Winnfield, Louisiana, and he seeks injunctive relief and compensatory damages. However, he is no longer incarcerated at the Winn Parish Jail. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for declaratory and injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir. 1991). In order for Plaintiff's claims to remain viable, he would have to establish a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at Bunkie Correctional Center. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Plaintiff is now incarcerated at Allen Correctional, and there is no allegation or evidence indicating a reasonable likelihood that he would be returned to the Winn Parish Jail. Therefore, Plaintiff's claim for injunctive relief should be dismissed.

As for the claim for monetary damages for denial of medical care, Plaintiff has not alleged "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must allege "objectively that he was

exposed to a substantial risk of serious harm," and that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), quoting Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff received treatment on some occasions in the form of nitroglycerine tablets for chest pain, and he was transported to the emergency room in Winnfield on another occasion, where he was administered "nitro spray and oxygen". [Doc. #4, p.1] Plaintiff has not alleged a wanton disregard for any serious medical need.

As for the access to court claim, "[i]t has long been recognized that prisoners generally enjoy the constitutional right of access to the court." Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); see Bounds v. Smith, 430 U.S. 817 (1977); Johnson v. Avery, 393 U.S. 483 (1969). The right of access to the court is not unlimited, however, and includes "only a reasonable opportunity to file non-frivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." Id. (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)). Moreover, to prevail on an

access-to-the-court claim, a prisoner must demonstrate that he has suffered "an actual injury" stemming from the alleged defendants' unconstitutional conduct. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998). Plaintiff has not identified a non-frivolous claim he was unable to litigate, nor has he alleged any injury as a result.

### *Conclusion*

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

 **THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ____6th____ day of March, 2012.

*[signature]*

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE