RECEIVED
OCT 21 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

b

| | |
|---|---|
| ROBERT BRUCE,<br>    Plaintiff<br><br>VERSUS<br><br>BODIE LITTLE, et al.,<br>    Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. 1:11-CV-01541<br><br><br>JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE
--------

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Robert Bruce ("Bruce") on August 23, 2011 and amended on August 30, 2011 (Doc. 4) and September 29, 2014 (Doc. 47). The named defendants are Daniel Alsup (warden of the Winn Parish Jail ("WPJ")), Tommy Foster, Walter Hampton, Bodie Little, and Phillip Vines, all employed by the Winn Parish Sheriff, and the Sheriff's Office of Winn Parish. Bruce contends that, while he was incarcerated in the Winn Parish Jail, he was subjected to an unsafe condition of confinement in the shower, denied medical care for an injury he sustained when he slipped and fell in the shower, denied medical care for his coronary artery disease (he alleges that he had a quadruple bypass prior to being transferred to the Winn Parish Jail), denied medical care for his eye problems, and alleges breathing difficulties due to his exposure to environmental tobacco smoke ("ETS") in the jail (Docs. 1, 4, 47). For relief, Bruce asks

for monetary damages.  Bruce is presently confined in the Allen Correctional Center in Kinder, Louisiana.

Bruce's complaint was dismissed (Doc. 18).  On appeal, and the Fifth Circuit Court of Appeal reversed the district court in part and remanded for further proceedings as to Bruce's conditions of confinement claims (as to the shower and ETS) and denial of medical care claims (Doc. 29).

Defendant "Winn Parish Sheriff's Officer" filed a motion to dismiss through Sheriff Cranford L. Jordan (Doc. 42), to which Bruce filed a response (Doc. 48).  The Sheriff's motion to dismiss is now before the court for disposition.

## Law and Analysis

### Sheriff's Department

Winn Parish Sheriff Cranford L. Jordan appeared on behalf of the "Winn Parish Sheriff's Office"[1] for the purposes of this motion to dismiss to argue that the Winn Parish Sheriff's Office is not a legal entity that can be sued.

Bruce named the Winn Parish Sheriff's Office as a defendant in this case.  However, Parish Sheriff's Departments, or Offices, are not legal entities capable of being sued.  The State of Louisiana grants no such legal status to any Parish Sheriff's Office.  Thus, the Winn Parish Sheriff's Office is not a "person" capable of being

---

[1] Fed.R.Civ.P. rule 12(b) permits a defendant to enter a limited appearance for the purpose of filing a motion to dismiss. However, in this case Sheriff Jordan is not a named defendant.

sued. Ruggiero v. Litchfield, 700 F. Supp. 863, 865 (M.D.La. 1988); Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236, 238 (La. App. 3d Cir.), writ den., 352 So. 2d 235 (La. 1977). Also, Riley v. Evangeline Parish Police Jury, 630 So.2d 1314, 1320 (La. App. 3d Cir. 1993), rev'd in part on other grounds, 637 So.2d 395 (La. 1994); Ferguson v. Stephens, 623 So.2d 711, 714-15 (La. App. 4th Cir. 1993); Garner v. Avoyelles Parish Sheriff's Dept., 511 So.2d 8 n.1 (La. App. 3d Cir. 1987). Bruce's § 1983 action against the Winn Parish Sheriff's Officer should be dismissed with prejudice.

However, the correct remedy to a pro se litigant who improperly names defendants is permissive amendment of the complaint. Allowing amendment of the complaint corresponds with the philosophy of liberal reading of pro se pleadings. Guidry v. Jefferson Cty. Detention Ctr., 868 F.Supp. 189, 191 (E.D.Tex. 1994), and cases cited therein. Also, Dayse v. Schuldt, 894 F.2d 170, 174 (5th Cir. 1990); Gallegos v. State of La. Code of Criminal Procedure Art. 658 Para. A and C(4), 858 F.2d 1091, 1091-92 (5th Cir. 1988); Chancery Clerk of Chickasaw County, Miss. v. Wallace, 646 F.2d 151, 160 (5th Cir. 1981); Wright v. El Paso Cty. Jail, 642 F.2d 134, 136 n.3 (5th Cir. 1981. Since Bruce is proceeding pro se, he should be allowed an opportunity to amend his complaint to name the proper defendant.

However, the undersigned finds that Sheriff Cranford L. Jordan

3

made a general appearance in this case when he purported to file the motion to dismiss on behalf of a non-entity, the "Winn Parish Sheriff's Office." Rule 12 allows only named defendants to make a limited or special appearance for purposes of filing a motion to dismiss. Since Sheriff Cranford was not named as a defendant but has made a general appearance, he should have been named as a defendant, and he can be substituted for "Winn Parish Sheriff's Office" as the proper defendant in this case, he will be substituted pursuant to a separate order of this court.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss (Doc. 42) be GRANTED and that Bruce's action against the "Winn Parish Sheriff's Office" be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

4

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 20th day of October 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE