U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 6 2016

TONY R. MOORE  CLERK
BY _____
                DEPUTY

a

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ROBERT BRUCE, Plaintiff | CIVIL ACTION NO. 1:11-CV-1541; "P" |
| VERSUS | JUDGE TRIMBLE |
| BODIE LITTLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the pro se civil rights complaint of Robert Bruce, filed *in forma papueris* and pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was originally dismissed. (Doc. 18). On appeal, the Fifth Circuit Court of Appeals reversed in part and remanded for further proceedings as to Plaintiff's conditions of confinement and medical care claims. (Doc. 29).

Plaintiff named Inmate Walter Hampton as a defendant. Although it initially appeared that Defendant Hampton was an employee at the Winn Parish Jail, the record is now clear that Mr. Hampton was actually an inmate incarcerated at the jail. (Doc. 59).

Plaintiff filed suit under 42 U.S.C. § 1983. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law." Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State," which means proof (1) that the deprivation was caused by

the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a "state actor." Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-04 (5th Cir. 1996) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).  There are no allegations indicating that Inmate Walter Hampton was acting under color of state law at any time. Because Defendant Hampton is not a state actor, the civil rights claim against him should be denied and dismissed.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights claim against **Walter Hampton** be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.**

2

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 26th day of January, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge

3